IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 0 2014

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| DERWIN MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-521-A |
| | § | |
| WELLS FARGO BANK NATIONAL | § | |
| TRUST ASSOCIATION, AS TRUSTEE | § | |
| FOR THE HOLDERS OF THE FIRST | § | |
| FRANKLIN MORTGAGE LOAN TRUST | § | |
| 2006-FF17, MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES | § | |
| 2006-FF17, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion to dismiss
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure
and supporting appendix, filed in the above action by defendant,
Wells Fargo Bank National Association, as Trustee for the Holders
of the First Franklin Mortgage Loan Trust 2006-FF17, Mortgage
Pass-Through Certificates, Series 2006-FF17.  Plaintiff, Derwin
Miller, filed nothing in response to the motion.  Having
considered the motion, plaintiff's amended complaint, and the
applicable legal authorities, the court concludes that the motion
should be granted.

I.

## Background and Plaintiff's Pleaded Claims

Plaintiff initiated this action by the filing of his original petition and application for temporary restraining order in the District Court of Tarrant County, Texas, 96th Judicial District.  Following removal, the court ordered plaintiff to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiff then filed his amended complaint, in which he alleged the following:

On or about September 8, 2006, plaintiff and his wife, Shawnie Miller,[1] executed a note in the amount of $242,400, secured by a deed of trust, for the purchase of property located in the city of Mansfield, Tarrant County, Texas.  The note and deed of trust named First Franklin, a division of National City Bank, as lender, and Mortgage Electronic Record Systems, Inc., as beneficiary.  The deed of trust, although recorded in the official public records of Tarrant County, contained no description of the property.

---

[1]Shawnie Miller is not a party to this action.

An assignment of the deed of trust was executed on July 8, 2009, and recorded August 10, 2009. A substitute trustee was appointed in September 2010, and notices of a foreclosure sale of the property, set for December 2010, were provided to plaintiff on behalf of defendant. The notices for the trustee's sale referenced the deed of trust, which contained no description of the property. The property was sold at foreclosure, and defendant brought a forcible detainer action against plaintiff. Plaintiff unsuccessfully appealed the outcome of the detainer action to the County Court at Law Number One in Tarrant County, Texas. On May 28, 2014, plaintiff was evicted from the property.

Plaintiff alleged claims and causes of action against defendant for violation of the Texas Debt Collection Act ("TDCA"), section 392.301(a)(8) of the Texas Finance Code; violation of section 51.002(b) of the Texas Property Code; wrongful foreclosure; breach of contract; wrongful eviction; and for exemplary damages and injunctive relief.

II.

## Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

3

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly. 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Because the document in the appendix submitted with the motion to dismiss is considered part of the pleadings and is a matter of public record,[2] the court may consider it in its resolution of the motion to dismiss. Id.

III.

## Application of Law to Facts

A.  Dismissal is Warranted on All Claims

All of plaintiff's claims are grounded on his contention that the deed of trust lacked a legal description of the property, thus rendering unlawful all of defendant's actions as to the property. Defendant included in the appendix submitted with its motion to dismiss a corrected deed of trust that

---

[2]Defendant's appendix included a copy of the corrected deed of trust.

contains a legal description of the property, that was recorded in the property records of Tarrant County, Texas, on February 4, 2010.[3] Because all of plaintiff's claims are based on this factual inaccuracy, defendant argued that the corrected deed of trust thus negates the basis of those claims, warranting dismissal.

A review of the amended complaint confirms that defendant is correct: all of the claims and causes of action appear to be grounded on plaintiff's belief that the deed of trust lacked a legal description of the property. However, the corrected deed of trust contains a proper legal description of the property and was properly recorded several months before the actions complained of in the amended complaint occurred. The effect of the corrected deed of trust is to remove the critical factual underpinning from all of plaintiff's claims. Accordingly, dismissal of plaintiff's claims is warranted. Each of the claims fails for additional reasons as well, as set forth below.

B.    TDCA Claim

Defendant maintained as an additional ground for dismissal that the TDCA claim is barred by limitations. A defendant may move for dismissal on the basis of an affirmative defense, such

---

[3]The court takes judicial notice of the corrected deed of trust as a public record. Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

as limitations, if the facts giving rise to the defense appear on the fact of the complaint.  Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994).  Such appears to be the case here.

Claims under the TDCA are governed by a two-year limitations period.  See, e.g., Galindo v. Snoddy, 415 S.W.3d 905, 911 (Tex. App.--Texarkana 2013, no pet.); Duzich v. Marine Office of Am. Corp., 980 S.W.2d 857, 872 (Tex. App.--Corpus Christi 1998, pet. denied).  Here, all of the allegations pertaining to the TDCA claim are based on the purported unlawful foreclosure, which the amended complaint alleged occurred in December 2010.  Because plaintiff did not initiate this action until 2014, well beyond the limitations period, the TDCA claim is barred.

C.   Violations of Texas Property Code § 51.002(b)

Defendant argued for dismissal of this claim on the grounds that plaintiff alleged no facts to support such a claim. Section 51.002(b) sets forth certain notices which must be provided to a debtor prior to a foreclosure sale of the debtor's property.  The amended complaint alleged that notices were provided, but were defective only because they referenced the deed of trust, which lacked a description of the property.  No other facts are alleged as would show any purported violation of the Property Code, and this claim is dismissed.

7

D.   <u>Wrongful Foreclosure</u>

To prevail on a claim of wrongful foreclosure in Texas
requires plaintiff to show "(i) a defect in the foreclosure sale
proceedings; (ii) a grossly inadequate selling price; and (iii) a
causal connection between the defect and the grossly inadequate
selling price."   <u>Miller v. BAC Home Loans Servicing, L.P.</u>, 726
F.3d 717, 726 (5th Cir. 2013) (internal quotation marks omitted)
(quoting <u>Sauceda v. GMAC Mortg. Corp.</u>, 268 S.W.3d 135, 139 (Tex.
App.--Corpus Christi 2008, no pet.)).   Defendant maintained that
dismissal of plaintiff's wrongful foreclosure claim is warranted
because plaintiff cannot make the required showing as to any of
the foregoing elements.   The court agrees.

In the amended complaint, the only defect alleged as to the
foreclosure proceedings is that the foreclosure notices
referenced the deed of trust, which lacked a legal description of
the property, which in turn would have induced a buyer either to
not bid on the property, or to make a low bid.   Inclusion of the
legal description in the corrected deed of trust, however,
negates this contention.[4]   No allegations whatsoever are made in
the amended complaint concerning the foreclosure sale price.   As
the amended complaint fails to allege any of the facts necessary

---

[4]The corrected deed of trust was recorded on February 4, 2010, whereas the foreclosure notices were
sent in November or December of 2010.

to make the required showing, this claim is dismissed.

E.   <u>Breach of Contract</u>

To sustain a breach of contract action under Texas law requires plaintiff to show: (1) the existence of a valid contract; (2) plaintiff performed or tendered performance under the contract; (3) breach by defendant; and, (4) the breach damaged plaintiff. <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386, 418 (5th Cir. 2009) (citation omitted). It is well-settled that "a party to a contract who is himself in default cannot maintain a suit for its breach." <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam) (citation omitted).

Here, no allegation is found in the amended complaint that plaintiff performed or tendered performance under the deed of trust. Nor does it appear any such allegation would be proper, inasmuch as plaintiff's property was sold at a foreclosure sale. Because plaintiff failed to perform under the note and deed of trust, he cannot sustain a breach of contract claim against defendant. <u>Id.</u>; <u>see</u> <u>also</u> <u>Williams v. Wells Fargo Bank, N.A.</u>, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam) ("[I]f, as here, plaintiffs fail to allege they were current on their payments under the deed of trust, dismissal of their breach of contract

claim is proper.").[5]

F.   Wrongful Eviction

Texas cases discussing claims for wrongful eviction typically involve eviction of a tenant by a landlord.  See, e.g., McKenzie v. Carte, 385 S.W.2d 520, 528 (Tex. Civ. App.-- 1965, writ ref'd n.r.e.).  Defendant argued that this claim fails because plaintiff cannot establish one of the required elements, the existence of an unexpired contract of renting.  While defendant appears to be correct, the court finds this claim should be dismissed because plaintiff has failed factually to allege anything, other than conclusory assertions, to support a wrongful eviction claim.  No facts are alleged concerning anything that could render the forcible detainer action improper, aside from the contention that such was the case due to the purported defect in the deed of trust.  Accordingly, plaintiff has failed to allege a claim for wrongful eviction.

G.   Injunctive Relief and Exemplary Damages

Defendant argued for dismissal of plaintiff's requests for injunctive relief and exemplary damages on the grounds that, if the court dismisses all of plaintiff's other claims and causes of action, nothing remains to support such requests.  Because

---

[5]The court recognizes that this unpublished case is not binding precedent, but finds its holding instructive in this action.

plaintiff has failed to show a plausible right to relief on any of his claims, he is entitled to neither injunctive relief nor exemplary damages.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff, Derwin Miller, against defendant, Wells Fargo Bank National Association, as Trustee for the Holders of the First Franklin Mortgage Loan Trust 2006-FF17, Mortgage Pass-Through Certificates, Series 2006-FF17, be, and are hereby, dismissed with prejudice.

SIGNED September 10, 2014.

JOHN McBRYDE
United States District Judge